Gilberto SILVA, Plaintiff–Appellant,

v.

T.L. CASEY; Charles J. Scully; Thomas A. Coughlin, III, and Donald Selsky, Defendants–Appellees.

No. 1218, Docket 92–2754.

United States Court of Appeals, Second Circuit.

Argued March 23, 1993.

Decided April 27, 1993.

Debra McCullough, New York City (Kenneth A. Caruso, Shearman & Sterling, of counsel), for plaintiff-appellant.

Clement J. Colucci, Asst. Atty. Gen., State of N.Y., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for defendants-appellees.

Before: MESKILL, Chief Judge, TIMBERS and PRATT, Circuit Judges.

**PER CURIAM:**

This is an appeal from an order entered in the United States District Court for the Southern District of New York, Mukasey, J., granting defendants' motion for summary judgment. Appellant Gilberto Silva alleges a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

We affirm substantially for the reasons set out in Judge Mukasey's opinion and order dated May 18, 1992, but wish to expand on the discussion of prisoners' right to call witnesses and prisoners' right to assistance.

Silva, an inmate at the Green Haven Correctional Facility, was sentenced after a prison disciplinary hearing to one year of confinement in the Special Housing Unit (SHU) for several violations of prison regulations arising out of an altercation between Silva and two fellow inmates, William Gonzalez and Christino Mequita. After serving nine months of the term, the sentence was annulled in state court because it had been imposed in violation of certain state regulations.

Before us, Silva contends that Thomas Casey, Charles Scully, Thomas Coughlin, III, and Donald Selsky violated his constitutional rights by refusing to call inmates Gonzalez and Mequita as witnesses in his disciplinary proceeding and by sentencing him to one year in the SHU in light of civilian employee Maldonado's failure to assist him adequately in the preparation of his defense. We agree with the district court that the defendants did not violate Silva's constitutional rights.

## I. *Right to Call Witnesses*

Gonzalez and Mequita had signed Witness Refusal Forms stating their disinclination to testify and disavowing any relevant knowledge of the incident—an obvious lie given that they were the alleged victims of Silva's attack. Because only these three men were involved in the episode, any testimony exonerating Silva would almost certainly incriminate Gonzalez and Mequita. It is therefore highly unlikely that they would provide any help to Silva. Casey had no power to confer immunity on the witnesses or to force

them to testify. The only reason to call them would be to allow Silva to cross-examine them. However, an inmate has no constitutional right of confrontation. *Wolff v. McDonnell,* 418 U.S. 539, 567–68, 94 S.Ct. 2963, 2980–81, 41 L.Ed.2d 935 (1974). It clearly would have been futile for Casey to call Gonzalez and Mequita to testify.

 Although the *Wolff* Court did not explicitly mention "futility" as a valid basis for refusing to call a witness under these circumstances, it did refer to "lack of necessity." 418 U.S. at 566, 94 S.Ct. at 2980. Clearly, if a witness will not testify if called, it cannot be a "necessity" to call him. We hold that if a prison official, presiding over a prison disciplinary hearing, reasonably concludes that it would be futile to call a witness to testify, his refusal to do so will not constitute a violation of the prisoner's constitutional rights.

II. *Right to Assistance*

We note that an inmate's right to assistance is limited. The Supreme Court has recognized institutional concerns that in general bar an inmate from obtaining counsel. *See Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981–82. We have held, however, that in certain circumstances an inmate will be unable to "marshal evidence and present a defense," *Eng v. Coughlin,* 858 F.2d 889, 898 (2d Cir.1988), without some assistance. The inmate might be illiterate, confined to an SHU, or unable to grasp the complexity of the issues. *See Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981–82; *Eng,* 858 F.2d at 898. In those circumstances, an assistant must be assigned to the inmate to act as his *surrogate*—to do what the inmate would have done were he able. The assistant is not obliged to go beyond the specific instructions of the inmate because if he did so he would then be acting as counsel in a prison disciplinary proceeding, assistance to which a prisoner is not entitled. *See Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981–82.

We have no doubt that if Maldonado's failure to report the results of his investigation to Silva hindered Silva's ability to present his defense, Silva's constitutional rights would have been violated. However, even before Maldonado knew that Gonzalez and

Mequita refused to testify, Silva was in a position to ask Maldonado to interview other inmates. Silva was as aware of these witnesses before Maldonado's investigation as he was after it. Maldonado's investigation revealed no leads that would help Silva exonerate himself and he had no constitutional duty to go beyond the bounds of Silva's specific instructions.

 Finally, if Maldonado's failure to report was a result of bad faith, *see Eng,* 858 F.2d at 898, Silva would have a valid constitutional argument. However, here there is no hint that Maldonado withheld the information purposefully or otherwise in bad faith.

We have considered Silva's other contentions and find them to be without merit.