**George M. CHAVIS, Plaintiff–
Appellant,**

v.

**Richard ZODLOW, Andrew Harvey, Dominic Mantello, H.D. Graham, M. Pullen, John Fortier, Officer Mangul, G. Strocki, Donald Selsky, Mr. Lewis, Defendants–Appellees.**

No. 04–0447.

United States Court of Appeals, Second Circuit.

April 12, 2005.

George M. Chavis, Malone, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General (Nancy A. Spiegel, Senior Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of the Attorney General, Albany, NY, for Appellees, of counsel.

PRESENT: WINTER, McLAUGHLIN and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant George M. Chavis, a prisoner at the Coxsackie Correctional Facility at all times relevant to this appeal, appeals from the judgment of the District Court, entered December 9, 2003, dismissing his 42 U.S.C. § 1983 claims pursuant to Fed.R.Civ.P. 12(c). Defendants-appellees are employees of the New York State Department of Correctional Facilities who, Chavis alleges, participated in the deprivation of various of Chavis's constitutional

rights. Specifically, Chavis alleges in his second amended complaint that defendants (1) retaliated against him—by filing misbehavior reports, holding disciplinary hearings, and punishing him—principally for having filed grievances; (2) denied him his procedural due process rights during those disciplinary hearings; and (3) deprived him of the protections he is due under the Eighth Amendment.[2] We affirm in part, and vacate and remand in part.

## I.G. Strocki

■ Citing Chavis's failure to serve the summons and complaint within 120 days of the filing of his complaint, the District Court *sua sponte* dismissed Chavis's claims against defendant Strocki pursuant to Fed.R.Civ.P. 4(m). *See* Decision and Order at 8. Rule 4(m) requires, however, that a district court provide notice to the plaintiff before *sua sponte* dismissing an action for failure to serve process. *See* Fed.R.Civ.P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... on its own initiative *after notice to the plaintiff,* shall dismiss the action without prejudice as to that defendant ....") (emphasis added); *Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002) (*per curiam*) ("As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a *sua sponte* dismissal."). The District Court made no mention of having provided Chavis with prior notice of its intent to dismiss under Rule 4(m) in its Decision and Order, and the docket sheet indicates no communication from the District Court

to Chavis in this regard. We hold that the District Court's failure to comply with the requirements of Rule 4(m) was an "abuse of discretion," *see id.* ("[W]e join our sister circuits in reviewing [Rule 4(m)] dismissals for abuse of discretion."), which is to say, legal error, and, accordingly, we vacate the District Court's dismissal of Chavis's claims against Strocki. On remand, we direct the District Court to provide notice to Chavis if it intends to dismiss his claims against Strocki pursuant to Rule 4(m), to determine whether Chavis is able to show "good cause" for his failure to serve Strocki within 120 days of the filing of the complaint and, if so, to extend the time for service "for an appropriate period." Fed.R.Civ.P. 4(m).

## II. Retaliation Claims

We review *de novo* a district court's judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *See, e.g., King v. American Airlines, Inc.,* 284 F.3d 352, 356 (2d Cir.2002). In assessing a motion for a judgment on the pleadings, "we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* (quotation marks omitted). Judgment on the pleadings is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. When considering motions [for judgment on the pleadings against] plaintiffs proceeding pro se, courts in this Circuit are

---

**2.** We do not recite here the myriad details of Chavis's claims, but for ease of reference we include the following table that shows the filing dates of misbehavior reports, and the corresponding disciplinary hearing dates as we understand them.

| Misbehavior report filed: | Corresponding Disciplinary hearing: | *See* Decision and Order at: |
|---|---|---|
| 2/25/2000 | 3/7/2000 | 2 |
| 3/13/2000 | 3/25 and 3/28/2000 | 2–3 |
| 3/15/2000 | 3/27 and 3/30/2000 | 3–4 |
| 3/27/2000 | 4/7 and 4/9/2000 | 4–5 |
| 3/30/2000 | 4/10 and 4/11/2000 | 5–6 |
| 4/21/2000 | 5/5/2000 | 6 |

instructed to construe the pleadings liberally. This is especially true when dealing with civil rights complaints...." *Weinstein v. Albright,* 261 F.3d 127, 131–32 (2d Cir.2001) (quotation marks and citations omitted).[3]

Chavis alleges that he suffered constitutionally impermissible retaliation by defendants on four occasions—when misbehavior reports were filed against him on (1) February 25, (2) March 13, (3) March 15, and (4) March 27, 2000. The District Court entered judgment on the pleadings against Chavis on the first three of these claims by reasoning that Chavis "has not met his burden of showing that his previous grievances were the motivating factor in [d]efendants' conduct." Decision and Order at 10. In support of its placement of this burden on Chavis, the District Court cited *Graham v. Henderson,* 89 F.3d 75 (2d Cir.1996). Decision and Order at 9. *Graham,* however, dealt with a motion for summary judgment—not a motion for judgment on the pleadings—and placed the burden on the nonmovant (to demonstrate that the allegedly retaliatory conduct was motivated by the inmate's protected conduct) in that context. *See* 89 F.3d at 80 ("Graham's claim will not survive summary judgment ... if he does not meet the burden of demonstrating [a] genuine issu[e] of material fact ... that his punishment was motivated, in whole or in part, by his conduct[.] Assuming Graham meets his burden, his claim will still not survive summary judgment ... if the defendants meet their burden of showing that there is no genuine issue as to the fact that Graham would have received the same punishment even if they had not been improperly motivated.").

The District Court erred by applying summary judgment standards when deciding a motion for judgment on the pleadings, and we vacate its judgment against Chavis on the first three retaliatory claims (based on the misbehavior reports of February 25, March 13, and March 15, 2000) accordingly. We intimate no view whatever on the merits of Chavis's claims or his likelihood of success at a summary judgment stage. *See Davidson,* 32 F.3d at 31 ("We do not preclude the possibility that both of the claims that we hold sufficient at the pleading stage may later be dismissed on a summary judgment motion if, after discovery, there remains no genuine issue as to any material fact and the District Court determines that the defendants are entitled to judgment as a matter of law.")

The District Court similarly erred by dismissing Chavis's claim based on the March 27, 2000, misbehavior report. The District Court explained its dismissal by explaining that Chavis's letters contained threats (which the District Court explained "constitutes a valid reason for filing a misbehavior report against an inmate," Decision and Order at 10), and because Chavis

3. The District Court noted that "where an inmate is a prolific litigant, a heightened pleading standard should be applied." Decision and Order at 8. In support of this proposition, the District Court cited this Court's decision in *Davidson v. Flynn,* 32 F.3d 27 (2d Cir.1994). The District Court did not explain how "prolific" Chavis is as a *pro se* litigant, nor do the parties provide such information to this Court. We do not doubt that Chavis is familiar with federal courts, *see, e.g., Chavis v. Struebel,* 317 F.Supp.2d 232 (W.D.N.Y.2004) (granting correctional facility personnel defendants' motion for summary judgment in a case brought by Chavis, with facts similar to those here), but this is distinguishable from the *Davidson* case, where this Court endorsed applying a heightened pleading standard with respect to a *pro se* litigant who "at one point had at least 30 simultaneously pending suits." 32 F.3d at 31. We have been provided with no indication that Chavis is comparably litigious.

"again offers no evidence demonstrating that retaliation was [the correction officer's] motivation in writing the March 27 misbehavior report," Decision and Order at 10. For the reasons stated above, we are required to vacate the District Court's judgment on the pleadings against Chavis with respect to the fourth retaliation claim.[4]

## III. Due Process Claims

■ We affirm the District Court's judgment on the pleadings against Chavis with respect to his claims that he was denied due process in the disciplinary hearings that resulted from misbehavior reports filed against him on March 27, March 30, and April 21, 2000.[5]

We vacate, however, the District Court's judgment on the pleadings against Chavis with respect to his claims that he was denied due process in the disciplinary hearings that resulted from misbehavior reports filed against him on February 25, March 13, and March 15, 2000.

The District Court dismissed Chavis's due process claims relating to the disciplinary hearings that concluded on March 7, March 28, and March 30, 2000—relating to the misbehavior reports filed on February 25, March 13, and March 15, 2000, respectively, *see* note 2, *ante*—on the basis

that, because Chavis was sentenced to only 30 days in the special housing unit ("SHU") as a result of each of these hearings, he lacked a sufficient liberty interest that had been infringed upon to bring a due process claim. *See* Decision and Order at 11–12 (citing *Sandin v. Conner,* 515 U.S. 472, 485–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that special confinement for thirty days did not implicate constitutional liberty interests), and *Colon v. Howard,* 215 F.3d 227, 231 (2d Cir.2000) (holding that SHU confinement for up to 101 days does not constitute "atypical and significant hardship")).

On appeal, defendants decline to defend the District Court's judgment on the pleadings under this rationale, and instead rely on decisions of this Court holding that a prisoner's multiple sentences to confinement may be aggregated for the purposes of establishing whether a liberty interest was implicated in certain circumstances. *See* Appellees' Br. at 26–27 (citing *Giano v. Selsky,* 238 F.3d 223, 225 (2d Cir.2001)). Defendants argue instead that the District Court's judgment against Chavis on his due process claims relating to the disciplinary hearings that concluded on March 7, March 28, and March 30, 2000, may be affirmed by this Court because "Chavis cannot prove that any defendant denied him the protections due process would re-

---

**4.** On appeal, defendants defend the District Court's judgment against Chavis with respect to the March 27, 2000, misbehavior report by relying on *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). We note that (1) as far as we can tell, defendants raise this issue for the first time on appeal, *see June v. Town of Westfield,* 370 F.3d 255, 258 (2d Cir.2004) ("Courts of Appeal need not consider issues raised for the first time on appeal.") (citation omitted); and (2) *Balisok* pertains to due process claims, and not retaliation claims, and while we intimate no view on the applicability of *Balisok* to a retaliation claim. We leave this issue to the District Court on remand.

**5.** Chavis alleges that he was punished with a loss of credit for good-time served, which is not cognizable as a § 1983 due process claim when the sentence or punishment has not been previously overturned. *See* Decision and Order at 12–14, *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a prisoner's § 1983 claims are not cognizable if (a) judgment in favor of the prisoner would imply the invalidity of his sentence, and (b) the prisoner has not shown that his sentence was previously invalidated); *Balisok,* 520 U.S. at 646–48, 117 S.Ct. 1584.

quire." Appellees' Br. at 27. In support of this argument, defendants cite *Kalwasinski v. Morse*, 201 F.3d 103 (2d Cir. 1999). But here again Chavis's claims are improperly evaluated under summary judgment standards rather than those applicable to a motion for judgment on the pleadings. Whether Chavis can eventually defeat a motion for summary judgment by demonstrating genuine issues of material fact with respect to the due process claims relating to the disciplinary hearings concluded on March 7, March 28, and March 30, 2000, is not a question that we consider.

■ Chavis alleged, *inter alia:* that he was evicted from, and denied assistance during, the March 7, 2000, disciplinary hearing; that he was denied an opportunity to call an "expert witness" in the disciplinary hearing that concluded March 28, 2000; and that he was denied an opportunity to call two witnesses, and to be present, at the disciplinary hearing that concluded on March 30, 2000. If we take these allegations "as true" and "dra[w] all inferences in favor of" Chavis, it does not "appea[r] beyond doubt that [Chavis] can prove no set of facts in support of his claims which would entitle him to relief." *Weinstein*, 261 F.3d at 131–32 (quotation marks and alterations omitted); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (acknowledging an inmate's limited right to be present during his disciplinary hearing and noting that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"); *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir.1993) (discussing an inmate's limited right to assistance at disciplinary hearings).

## IV. Eighth Amendment Claims

We affirm the District Court's judgment on the pleadings against Chavis with respect to his Eighth Amendment claims arising out of the alleged denial of a washcloth while in SHU, and the verbal threats that he allegedly received, substantially for the reasons stated by the District Court. *See* Decision and Order at 15, 17.

With respect to the District Court's judgment on the pleadings against Chavis on all other Eighth Amendment claims, we note that defendants concede that the District Court erred, *see* Appellees' Br. at 33–35, we agree, and we vacate accordingly.

## CONCLUSION

For the reasons stated above, we VACATE the judgment of the District Court insofar as it (1) *sua sponte* dismissed Chavis's claims against Strocki; (2) dismissed Chavis's retaliation claims arising from the disciplinary hearings that corresponded to misbehavior reports filed on February 25, March 13, March 15, and March 27, 2000; (3) dismissed Chavis's due process claims arising from the disciplinary hearings that corresponded to misbehavior reports filed on February 25, March 13, and March 15, 2000; and (4) dismissed Chavis's Eighth Amendment claims based upon the alleged abuse of full-restraints and denial of food, showers, medication. In all other respects, we AFFIRM. The cause is REMANDED to the District Court for further proceedings consistent with this order.