Maurice **SAMUELS**, Plaintiff–
Appellant,

v.

Donald **SELSKY**, Glenn S. Goord, Paul
Cecilia, Javier Iurrue, G. Schwartz-
man, Dennis Bliden, Christopher Ar-
tuz, Defendants–Appellees.

No. 04–0097–PR.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

Daniel A. Edelson (Arthur S. Linker, on the brief), Katten Muchin Rosenman LLP, New York, New York, for Appellant.

Shalifari Puri, Assistant Solicitor General (Michele Aronowitz, Deputy Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, New York, for Appellees.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD

R. KORMAN,[1] District Judge.

## SUMMARY ORDER

Plaintiff-appellant Maurice Samuels, currently incarcerated at Sullivan Correctional Facility, appeals an award of summary judgment in favor of defendants-appellees on a claimed violation of Samuels's due process rights in connection with the imposition of prison discipline, specifically, 180 days of keeplock confinement. *See Samuels v. Selsky,* No. 01 Civ. 8235, 2003 WL 22439793, 2003 U.S. Dist. LEXIS 19162 (S.D.N.Y. Oct. 27, 2003). [SPA 1–39] Samuels contends that the district court erred in rejecting, as a matter of law, his claims that (1) he was not given adequate notice of the disciplinary charges against him, (2) he was not advised of the evidence relied upon in imposing discipline, (3) there was insufficient reliable evidence to support discipline, and (4) the person assigned to help Samuels with his defense rendered inadequate assistance. We review a summary judgment award *de novo,* viewing all evidence in the light most favorable to the nonmoving party. *See Johnson v. Wright,* 412 F.3d 398, 403 (2d Cir.2005). In doing so here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Preliminarily, we observe that the district court did not have the benefit of our decision in *Sira v. Morton,* 380 F.3d 57 (2d Cir.2004), when it ruled on defendants' summary judgment motion. Defendants concede that, in light of *Sira,* a remand is necessary, at least in part, to allow the district court to make further findings with respect to defendants' failure to disclose to Samuels certain evidence received in closed session at his disciplinary hearing, *see id.* at 75–76. [Red 40–43] The parties nevertheless disagree as to whether Samuels's other due process challenges were properly resolved as a matter of law.

### 1. Inadequate Notice

■ Samuels asserts that the disciplinary notice in his case failed to comport with due process. We disagree. In *Sira v. Morton,* we observed that due process does not demand "notice that painstakingly details all facts relevant to the date, place, and manner of charged inmate misconduct." 380 F.3d at 72. Instead, it requires notice with "sufficient factual specificity to permit a reasonable person to understand what conduct is at issue so that he may identify relevant evidence and present a defense." *Id.* The misbehavior report in this case satisfied this standard. It advised Samuels of the date (October 20, 1999), time (7:26 a.m.) and place (his prison cell) of the alleged misbehavior, as well as the conduct at issue (possession of a seized folder of purportedly subversive material, urging inmates to fight against the parole system and various corrections programs, purportedly in connection with a demonstration scheduled for January 1, 2000). [A 322] To the extent Samuels argues that due process required defendants to identify the specific documents alleged to be subversive, we disagree. The documents were not so numerous or disparate that Samuels would not have known that the hearing officer would consider all of them in deciding the charge against him. As discussed *infra,* the due process concern in this case is one of hearing disclosure, not notice.

Samuels claims also that he was not given adequate notice of the substance of the informant testimony to be used against

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

him, as required by *Sira v. Morton*, 380 F.3d 57. We disagree, and note an important difference between this case and *Sira*, namely, confidential source information was the sole basis for the discipline action in *Sira*, whereas in Samuels's case, the existence of such information was cited essentially as corroboration for prison officials' charge that the seized documents were subversive. The notice requirement of due process does not demand particularization of such information. Rather, it demands disclosure at a hearing to the extent the information is relied on to support any ultimate discipline order. Accordingly, we conclude that the district court properly entered judgment in favor of the defendants on this aspect of Samuels's due process claim.

### 2. *Disclosure of Evidence*

■ Due process generally entitles an inmate to know the evidence upon which a discipline ruling is based. *See Sira v. Morton*, 380 F.3d at 74. An exception is recognized in circumstances where prison officials "offer a reasonable justification" for nondisclosure, such as a risk of violence or intimidation. *Id.* at 75.

In this case, it appears that defendant Irurre's[2] disciplinary decision was based, at least in part, on confidential source information never revealed to Samuels and documents not made available for his review. [A 435, 667] With respect to the latter, we note that Samuels requested a copy of the seized documents in advance of the hearing. [A 449] Further, at the hearing, he asked defendant Irurre to identify for him which documents were being considered subversive. [A 661–62] Both requests were denied. As a result, it appears that Samuels was unaware that his

handwritten papers were the focus of the case against him. [A 368–73, 387–88, 390–92] Because the nondisclosures as to documents and confidential source information deprived Samuels of a meaningful "opportunity to explain or challenge this inculpatory evidence," and because no "reasonable justification" for the nondisclosure was proffered in the district court, *id.*, this much of the summary judgment award must be vacated and the case remanded to the district court for further proceedings. *See id.* at 76 (recognizing possibility "that on further development of the record defendants will be able to justify withholding the substance of the informants' disclosures" from the accused inmate).

On remand, should the district court identify any harm, it will further need to consider whether the challenged discipline implicates a liberty interest. *See Palmer v. Richards*, 364 F.3d 60, 64–65 (2d Cir. 2004); *see also Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

### 3. *Sufficiency of the Evidence*

■ In considering a challenge to the sufficiency of the evidence supporting prison discipline, we consider only whether there is any reliable evidence in the record to support the conclusion reached by the disciplinary board. *Sira v. Morton*, 380 F.3d at 76 (and cases cited therein). This case passes that test. The documents seized from Samuels's prison cell provided direct evidence of his plans to urge prisoners to engage in concerted work stoppages and demonstrations to protest various official policies. Information provided by confidential informants who dealt directly with Samuels served to corroborate this documentary evidence. Samuels argues that

---

**2.** The official caption in this case spells the hearing officer's last name incorrectly. Both parties' filings and official documents in the

record demonstrate that his name is "Javier Irurre." The clerk is directed to amend the caption accordingly.

the hearing officer should have conducted a more detailed and independent inquiry into the reliability of these informants. The argument merits little discussion because, even if we were to resolve it in Samuels's favor, defendants would be entitled to summary judgment on a theory of qualified immunity. *See id.* at 77, 81–82.

### 4. Inadequate Assistance

■ *Eng v. Coughlin* holds that "[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense when he is faced with disciplinary charges." 858 F.2d 889, 897 (2d Cir.1988). The required assistance does not equate to legal counsel. Rather, it affords the inmate a "surrogate—to do what the inmate would have done were he able." *Silva v. Casey,* 992 F.2d 20, 22 (2d Cir.1993) (*per curiam* ).

The district court concluded that there are disputed issues of fact in this case as to how Samuels's appointed assistant, defendant Cecilia, carried out his responsibilities. Nevertheless, it granted Cecilia summary judgment, finding that any performance inadequacies were necessarily harmless. *See Samuels v. Selsky,* No. 01 Civ. 8235, 2003 WL 22439793, at *3, 2003 U.S. Dist. LEXIS 19162, at *37–40. [SPA 30–32] We agree. The misbehavior report adequately informed Samuels that the documents seized from his cell were the basis for the charge against him. Insofar as Samuels was not given access to these documents or to confidential source information, that decision is attributable to Irurre, not Cecilia, and is the basis for remand. In sum, like the district court, we conclude that no action or inaction by Cecilia would have yielded a different outcome.

### 5. Defendants Artuz and Goord

■ A supervisory official cannot be liable under Section 1983 for the constitutional misconduct of his subordinates on a theory of respondeat superior. *See Hayut v. State Univ. of New York,* 352 F.3d 733, 753 (2d Cir.2003); *see also Back v. Hastings on Hudson Union Free Sch. Dist.,* 365 F.3d 107, 127 (2d Cir.2004). Some element of personal involvement is necessary, whether direct participation in the violation, the creation of the unconstitutional policy pursuant to which the violation occurred, a failure to remedy a known wrong, grossly negligent supervision of the wrongdoers, or deliberate indifference to known circumstances likely to cause a constitutional violation. *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995). Because the record is devoid of any admissible evidence from which a reasonable jury could find personal involvement by supervisory defendants Goord or Artuz in the constitutional wrongdoing here alleged, the district court properly awarded summary judgment in their favor.

The October 27, 2003 award of summary judgment is hereby AFFIRMED in all respects except as to defendants' failure to disclose evidence relied upon in making a discipline decision. In that respect, the judgment is VACATED and REMANDED for further proceedings consistent with this order.