**Maurice SAMUELS, Plaintiff,**

v.

**Donald SELSKY, et al., Defendants.**

No. 01 Civ. 8235.

United States District Court,
S.D. New York.

Aug. 23, 2006.

Maurice Samuels, pro se.

Kevin P. McCaffrey, Asst. Atty. Gen., New York, NY, for Defendants.

### *DECISION AND ORDER*

MARRERO, District Judge.

### I. *BACKGROUND*

Pro se plaintiff Maurice Samuels ("Samuels") filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his due process rights under the Fourteenth Amendment of the United States Constitution. The various named defendants (col-

lectively "Defendants") are officers and administrators of the New York State Department of Corrections. The claim arose in connection with disciplinary proceedings brought against Samuels, while he was incarcerated at the New York State Green Haven Correctional Facility ("Green Haven"), charging him with violating prison rules by involvement in a plan Green Haven inmates had been preparing to stage an unauthorized demonstration. Samuels was found guilty and punished to serve 180 days in keeplock confinement.[1] Ruling on Defendants' motion for summary judgment, this Court dismissed the action. On appeal, the Second Circuit affirmed that decision, except with respect to the question of Defendants' failure to disclose to Samuels certain confidential source information and documents they relied upon in the disciplinary action.

With regard to the withholding of the evidence in question, the Court of Appeals noted that the district court did not have the benefit of the Second Circuit's decision in *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004), which was rendered after the underlying ruling on Defendants' summary judgment motion. Accordingly, the Circuit Court remanded the case for further proceedings consistent with *Sira*. Specifically, the due process issue implicated in Defendants' determination that the Court is to consider on this remand is the right "to know the evidence upon which a discipline ruling is based." *Samuels*, 166 Fed. Appx. at 555 (*citing Sira*, 380 F.3d at 74). The Circuit Court also indicated that should the district court identify any harm, it would also need to consider "whether the challenged discipline implicates a liberty interest." *Id.* In accordance with the Sec-

ond Circuit's mandate this Court invited the parties to address the issues specified. Defendants, supplementing the record with additional documents and arguments, renewed their motion for summary judgment and Samuels responded. Having considered the parties' respective submissions, the Court grants Defendants' motion.

## II. DISCUSSION

As the Second Circuit noted in remanding this action, "[a]n exception [to the duty to reveal disciplinary proceeding evidence] is recognized in circumstances where prison officials 'offer a reasonable justification' for nondisclosure, such as a risk of violence or intimidation." *Samuels*, 166 Fed. Appx. at 555 (*quoting Sira*, 380 F.3d at 75). The Second Circuit determined that Defendants had not proffered to this Court justification for their failure to provide Samuels confidential source information and documents upon which their disciplinary decision was based. However, the Circuit Court also "recogniz[ed] the possibility 'that on further development of the record defendants will be able to justify withholding the substance of the informants' disclosures' .... from the accused inmate." *Id.* (*quoting Sira*, 380 F.3d at 76).

Defendants contend that Javier Irurre ("Irurre"), a named defendant who served as the hearing officer during Samuels's disciplinary proceeding and recommended the punishment at issue, obtained confidential information from defendant George Schwartzman ("Schwartzman") and other sources in the form of contraband retrieved from the cells of several inmates. Irurre compared those materials with pamphlets confiscated from Samuels, and

---

**1.** The facts relevant to the case and the specific matter now before the Court are set forth in prior rulings of this Court. *See Samuels v. Selsky*, No. 01 Civ. 8235, 2003 WL 22439793, at \*1–\*7 (S.D.N.Y. Oct. 27, 2003), *aff'd in part and remanded in part*, 166 Fed. Appx. 552 (2d Cir.2006).

determined that the documents should not be revealed to Samuels out of concern that such disclosure would hamper an ongoing investigation of a threatened prisoner strike at Green Haven during the Year 2000 ("Y2K") computer systems disruptions that were then feared throughout the world. Green Haven officials knew that prisoners were aware of the Y2K concerns that cell doors would fail to operate, and that delivery of food would be delayed and medical services compromised. (*See* Declaration of George Schwartzman, dated May 31, 2006, ¶ 14.) According to Schwartzman, "[t]he inmate work stoppage and strike was designed to take advantage of any social upheaval resulting from a failure of computer systems." (*Id.*)

In conducting the disciplinary proceeding, Irurre felt concern that if Samuels was allowed to view the confidential documents seized from other inmates he might be able to identify the authors who were believed to be the organizers of the unauthorized inmate protest. By gaining information about the investigation, inmates would be able to hinder the prison officials' ability to gather further information that would enable them to avert an unauthorized protest that could have threatened institutional security at Green Haven. (*See* Declaration of Javier Irurre ("Irurre Dec."), dated June 26, 2006, ¶¶ 41–52.) Samuels, however, was present when Schwartzman testified at the open session of the hearing, and thus became informed in general terms about the nature of the confidential information Irurre considered, specifically that it consisted of papers confiscated from Samuels's cell that were similar to contraband materials seized from other inmate sources and that urged participation in the unauthorized prisoner strike. (*See id.* ¶¶ 42, 52.)

In response, Samuels contends that Irurre, without "legitimate penological jus-

tification," failed to disclose to him the substance of the confidential information Irurre had obtained and relied upon as the basis for his disciplinary ruling. (*See* Plaintiff's Reply to Defendant's Supplemental Memorandum of Law in Further Support of Their Motion for Summary Judgment Pursuant to the Mandate of the Second Circuit dated June 26, 2006 ("Pl. Rep."), at 32.) Samuels also argues that he stated a sufficient liberty interest for the purposes of a due process claim under the standards enunciated in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); that Defendants' failure to disclose the substance of the confidential evidence presented against him was not harmless error; and that he established personal involvement of all the named Defendants in the alleged constitutional violations. Samuels's arguments have no merit.

The Court is persuaded that the declarations of Irurre and Schwartzman express sufficient "reasonable justification" to warrant Defendants' withholding the substance of the confidential information Samuels claims he was improperly denied. *See Sira*, 380 F.3d at 74. Irurre and Schwartzman proffered credible and convincing evidence providing valid reasons for Defendants' action grounded on concerns about hampering an ongoing prison investigation, threats to institutional security and exposure of confidential sources to personal harm that providing such information to Samuels would pose. The Court finds sufficient legitimacy in Irurre's considerations regarding the prospect of retaliation against informants and impeding the ability of Green Haven officials to prevent what was reasonably perceived as a dangerous unauthorized prisoner demonstration during a time of widespread concerns about the potential harms associated with the Y2K computer disruptions. Irurre attested that he was aware of reports of

"inmate 'hit squads' organized to gain compliance with the demonstration" and that "inmates were attempting to organize an unauthorized demonstration that could lead to violence." (Irurre Dec. ¶¶ 46, 47.)

The Court also considers compelling Irurre's statement that Samuels was informed about the substance of Schwartzman's testimony, which provided a sufficient basis for Samuels to be apprised of and defend against the charges against him that he was urging other inmates to participate in an unauthorized protest.

The Court has also examined whether any harm to Samuels may have ensued from Defendants' withholding of the confidential information at issue as a finding of harm would then necessitate consideration of whether the discipline imposed on Samuels implicated a liberty interest. *See Samuels,* 166 Fed. Appx. at 555. On this point, the Court is persuaded that viewing the record in its totality, Samuels suffered no material harm from the nondisclosure. This Court's decision on Defendants' summary judgment motion found enough evidence to warrant the determination of guilt and punishment imposed on Samuels. Indeed, the Second Circuit itself, ruling on Samuels's appeal, considered whether there was reliable evidence in the record to support the conclusion reached by the disciplinary board, and concluded that this case passed that test. *See Samuels,* 166 Fed. Appx. at 555. "The documents seized from Samuel's prison cell provided direct evidence of his plans to urge prisoners to engage in concerted work stoppages and demonstration to protest various official policies." *Id.* The Circuit Court further noted that the information provided by confidential informants who worked with Samuels "served to corroborate this documentary evidence." *Id.*

The Court finds that Samuels's remaining arguments merit no further discussion because they essentially repeat matters already decided and thus precluded by the Circuit Court's ruling on his appeal. Samuels, for example, argues that Irurre failed to make an independent assessment of the credibility and reliability of the confidential informants. (*See* Pl. Rep. at 29–31.) Addressing the same contention, the Second Circuit determined that it merited little discussion because, even if the issue were resolved in Samuels's favor, Defendants would be entitled to summary judgment on a theory of qualified immunity. *See Samuels,* 166 Fed. Appx. at 556 (*citing Sira,* 380 F.3d at 77, 81–82). The Second Circuit also disposed of Samuels's personal involvement argument as it relates to defendants Goord and Artuz. *See id.*

Samuels thus has failed to present sufficient evidence to establish the existence of any genuine issue of material fact as regards the matter remanded by the Court of Appeals to this Court for further proceedings. Accordingly, summary judgment in favor of Defendants dismissing Samuels's due process claim is warranted.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants herein for summary judgment pursuant to the mandate of the Second Circuit in connection with the appeal of plaintiff Maurice Samuels in this action is GRANTED.

**SO ORDERED.**