14-805-pr
Jamison v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand fifteen.

PRESENT: PIERRE N. LEVAL,
             CHESTER J. STRAUB,
             REENA RAGGI,
                    *Circuit Judges.*

-----------------------------------------------------------------------

RANDY JAMISON,

                *Plaintiff-Appellant*,

            v.                                         No. 14-805-pr

SUPERINTENDENT BRIAN FISCHER, Commissioner, LT. TOKARZ, Hearing Officer, Green Haven Correctional Facility, DIRECTOR NORMAN BEZIO, Director of Special Housing Unit,

                *Defendants-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:       ERICK M. SANDLER (Jaime Bachrach, *on the brief*), DAY PITNEY LLP, Hartford, Connecticut.

APPEARING FOR APPELLEES:       ANDREA OSER, Deputy Solicitor General (Barbara D. Underwood, Solicitor General; David Lawrence III, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney

General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 4, 2013, is AFFIRMED.

Plaintiff Randy Jamison challenges (1) the July 11, 2013 award of summary judgment to defendant Mark Tokarz, a hearing officer at Green Haven Correctional Facility, on Jamison's claim that he was denied due process at a prison disciplinary proceeding, see 42 U.S.C. § 1983; and (2) the September 27, 2012 dismissal of his complaint against defendant Norman Bezio, Director of the Special Housing Unit and Inmate Disciplinary Program for the New York State Department of Correctional Services, who allegedly upheld the due process violation on Jamison's administrative appeal. Jamison argues that the district court erred in concluding, as a matter of law, that (1) Tokarz did not violate Jamison's due process right to call witnesses at his prison disciplinary hearing; (2) in any event, no such right was then clearly established; and (3) Bezio lacked the requisite personal involvement in the alleged violation to support § 1983 liability. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm on the ground of qualified immunity.

Qualified immunity shields government officials from civil damages liability unless (1) the official violated a statutory or constitutional right (2) that was clearly established at

the time of the challenged conduct. See Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). "[L]ower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011); see Zalaski v. City of Hartford, 723 F.3d 382, 389 (2d Cir. 2013) ("Addressing the latter question first is particularly appropriate where the former turns on difficult or novel questions of constitutional or statutory interpretation, but it is nevertheless clear that the challenged conduct was not objectively unreasonable in light of existing law." (internal quotation marks omitted)). We move directly to the second prong of analysis here.

Jamison contends that his right to call witnesses at his prison disciplinary hearing was clearly established by Wolff v. McDonnell, 418 U.S. 539 (1974), and that no reasonable officer could have concluded otherwise. Although Wolff v. McDonnell recognized a right to call witnesses at prison disciplinary proceedings, that right is not absolute. See id. at 566–67; accord Ponte v. Real, 471 U.S. 491, 499 (1985) (recognizing inmate's right to call witnesses as "limited one"). Instead, it is tempered by prison interests in keeping hearings "within reasonable limits," refusing to call witnesses who "may create a risk of reprisal or undermine authority," and limiting "access to other inmates to collect statements or to compile other documentary evidence." Wolff v. McDonnell, 418 U.S. at 566. Thus, an inmate's request to call a particular witness at a disciplinary hearing may be properly refused for "irrelevance, lack of necessity, or the hazards presented in individual cases." Id. It may also be refused upon a reasonable determination that the witness will not testify. See Silva v. Casey, 992 F.2d 20, 22 (2d

3

Cir. 1993) (holding that if witness "will not testify if called, it cannot be a 'necessity' to call him," and that prison official who "reasonably concludes that it would be futile to call a witness to testify" does not violate inmate's constitutional rights).

Here, Tokarz denied Jamison's witness requests on the final ground—futility. Jamison nevertheless contends that Tokarz violated his constitutional rights by relying on incomplete "Witness Refusal Forms" to make his decision, rather than conducting an independent inquiry of the requested witnesses. But Jamison points to no federal law that clearly alerted hearing officers that, in reaching a reasonable conclusion of futility, they could not rely on a correction officer's signed statement that, upon inquiry, an inmate indicated an unwillingness to testify. Indeed, Jamison cites no case in which we have ever held a hearing officer's futility determination unreasonable, much less any precedent that apprised hearing officers of the nature of any inquiry they might be expected to undertake. Accordingly, existing precedent did not place the constitutional question "beyond debate," Ashcroft v. al-Kidd, 131 S. Ct. at 2083, and we therefore identify no error in the district court's conclusion that Tokarz was entitled to qualified immunity.

That Tokarz may have violated state law in denying Jamison's request does not alter our conclusion. See N.Y. Comp. Codes R. & Regs. tit. 7, § 254.5. The relevant question for qualified immunity purposes is whether the federal "constitutional right [an official] was alleged to have violated was clearly established at the time of the violation." Davis v. Scherer, 468 U.S. 183, 194 (1984) (internal quotation marks omitted). Thus, "[n]either federal nor state officials lose their immunity by violating the clear command of a statute or

4

regulation—of federal or of state law—unless that statute or regulation provides the basis for the cause of action sued upon." Id. at 194 n.12. That is not the case here.

Jamison's claim that Bezio violated due process by affirming the disciplinary action on administrative appeal is necessarily derivative of his claim against Tokarz. For the reasons stated as to Tokarz, then, Bezio also was entitled to qualified immunity.[1]

Jamison's final argument—that Tokarz violated due process by refusing a request for photographic evidence of the injuries allegedly inflicted on corrections officers—merits little discussion. On this point, Jamison failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Accordingly, we identify no error in the district court's award of summary judgment on this claim.

We have considered Jamison's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] In light of this conclusion, we need not address whether the district court correctly dismissed the complaint against Bezio for lack of personal involvement. See Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (noting that Ashcroft v. Iqbal, 556 U.S. 662 (2009) "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but declining to decide issue).