Antoine L. PARRIS, Plaintiff,

v.

**NEW YORK STATE DEPARTMENT CORRECTIONAL SERVICES, et al., Defendants.**

No. 12 Civ. 1849 (JGK).

United States District Court, S.D. New York.

May 23, 2013.

Antoine L. Parris, Malone, NY, pro se.

Kruti D. Dharia, State of New York Office of the Attorney General, New York, NY, for Defendants.

### MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge.

The plaintiff, Antoine Parris, brings this *pro se* action pursuant to 42 U.S.C. § 1983

against the following defendants: Commissioner Brian Fischer, Superintendant William Lee, and Deputy Superintendant Edward Burnett.[1] The defendants are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). The plaintiff alleges that the defendants failed to prevent another inmate from stabbing him in violation of the Eighth Amendment and state law. The defendants have filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The plaintiff has failed to respond to the motion, despite being granted an extension of time to respond by this Court. Therefore, the motion will be decided on the papers. For the reasons explained below, the motion to dismiss is **granted.**

## I.

The following facts are taken from the plaintiff's Second Amended Complaint (the "Complaint") and are assumed to be true for the purposes of this motion to dismiss.

In January 2012, the plaintiff was a state prisoner in DOCCS custody, incarcerated at the Green Haven Correctional Facility ("Green Haven").[3] (Second Amended Complaint ("Compl.") 1–2, 4.)[4] At approximately 9:15 p.m. on January 19, 2012, while the plaintiff was walking through the six block yard, an unidentified assailant stabbed the plaintiff from behind with a sharp object. (Compl. 2.) When the plaintiff turned to defend himself, he was stabbed again. (Compl. 2.) He alleges that corrections officers, unnamed in this action, "did not notice" the assault and failed to respond until five to seven minutes after the attack began, despite the incident occurring near three or four security posts. (Compl. 2, 4.) The plaintiff further alleges that two of the security posts in the six block yard were unmanned at the time of the attack. (Compl. 4.)

The plaintiff was taken to the infirmary at Green Haven, and was later transferred to an outside hospital where he received nineteen stitches for his wounds. (Compl. 2, 3.) Upon returning to Green Haven, the plaintiff was placed in the facility hospital. (Compl. 3.) He was later placed in the Special Housing Unit for five months. (Compl. 3.)

The plaintiff filed a grievance on January 23, 2012, which was denied. (Compl. 3.) The plaintiff then filed an appeal, which was also denied. (Compl. 3.) It is unclear from the Complaint whether the plaintiff took a final appeal to the Central Office Review Committee.

The plaintiff then brought this action against the Commissioner of Corrections as well as the Superintendant and a Deputy Superintendant at Green Haven, none of whom are alleged to have been present at the time of the incident. The plaintiff alleges that the defendants were negligent both in failing to prevent the assault and in failing to notice and respond to the assault in a timely manner. (Compl. 4.)

---

1. The plaintiff also sued the New York State Department of Corrections and Community Supervision. That claim was dismissed. *See Parris v. N.Y. State Dep't Corr. Servs.,* No. 12 Civ. 1849 (S.D.N.Y. Mar. 26, 2012) (order pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) dismissing claim against DOCCS as barred by the Eleventh Amendment).

2. While the motion was originally made on behalf of defendants Fischer and Lee, defendant Burnett was subsequently served and joined the motion. *See* Letter of Maria Hartofilis, dated March 13, 2013.

3. The plaintiff is currently incarcerated at Upstate Correctional Facility. (Compl. 1.)

4. Citations to the Complaint are to pages therein, not to paragraphs.

The plaintiff also alleges that the defendants violated the Eighth Amendment by acting with gross negligence and deliberate indifference toward his safety, and that the defendants knew of improper and outdated security practices at Green Haven yet allowed such practices to continue. (Compl. 4.)

On November 29, 2012, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants argue the Complaint should be dismissed in its entirety for the following reasons: (1) the plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), (2) the plaintiff failed to state a valid Eighth Amendment claim, (3) the plaintiff failed to allege the personal involvement of the defendants, and (4) any state law claims are barred by New York Corrections Law § 24.[5] The notice of motion proposed that the plaintiff reply by December 28, 2012.

Pursuant to Local Civil Rule 12.1, the defendants also served the plaintiff a notice explaining that they had moved to dismiss the Complaint and that the Court may treat the motion as a motion for summary judgment because the defendants had submitted additional written materials. The notice advised the plaintiff of the importance of the plaintiff's responding to the motion to dismiss. On January 10, 2013, this Court extended the plaintiff's time to respond to January 28, 2013 and warned that if the plaintiff failed to respond by that date, the motion would be decided on the papers already filed. The plaintiff has not filed a response to the motion. Therefore, the motion will be decided based on the papers filed.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir.2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.; see also Pratt v. City of New York*, No. 11 Civ. 8355, 929 F.Supp.2d 314, 316, 2013 WL 979431, at *1 (S.D.N.Y. Mar. 14, 2013).

■ When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial

---

**5.** The defendants also argue that the Complaint should be dismissed on qualified immunity grounds. Because the motion is granted on other grounds, it is unnecessary to reach this issue.

notice may be taken. *See Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002); *Pratt*, 929 F.Supp.2d at 316–17, 2013 WL 979431 at *1.

■ When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.2010) (brackets and internal quotation marks omitted). "Even in a pro se case, however ... threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.; see also Pratt*, 929 F.Supp.2d at 317, 2013 WL 979431 at *1.

### III.

■ The defendants first move to dismiss the Complaint due to the plaintiff's failure to exhaust administrative remedies. They argue that the plaintiff did not comply with the DOCCS' Inmate Grievance Program ("IGP") and that this action is therefore barred under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Subsection 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The IGP provides three stages of administrative review: (1) the inmate submits a grievance to the Inmate Grievance Review Committee ("IGRC"), which comes to a determination on the grievance, (2) the inmate may appeal the IGRC's determination to the facility super-

intendant, and (3) the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). N.Y. Comp.Codes R. & Regs. tit. 7, § 701.5 (2012). An inmate has not exhausted his administrative remedies until he receives a final decision from CORC regarding his grievance. *See, e.g., Peoples v. Fischer*, No. 11 Civ. 2694, 2012 WL 1575302, at *5 (S.D.N.Y. May 3, 2012).

■ Failure to exhaust "is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Dismissal under Rule 12(b)(6) for nonexhaustion is appropriate only if a plaintiff's failure to exhaust is evident on the face of the complaint. *See id.* at 215, 127 S.Ct. 910; *compare Johnson v. Westchester Cnty. Dep't of Corr. Med. Dep't*, No. 10 Civ. 6309, 2011 WL 2946168, at *2 (S.D.N.Y. July 19, 2011) (denying a motion to dismiss when the complaint was ambiguous about exhaustion), *and Pratt*, 929 F.Supp.2d at 318–19, 2013 WL 979431 at *3 (same), *with Martin v. City of New York*, No. 11 Civ. 600, 2012 WL 1392648, at *6 (S.D.N.Y. Apr. 20, 2012) (dismissing the complaint for failure to exhaust when the complaint noted the plaintiff had not filed a grievance).

■ In this case, the Complaint does not establish that the plaintiff failed to comply with the IGP. The Complaint alleges that "[t]he plaintiff filed a grievance on January 23rd. It was denied [and the] plaintiff filed [an] appeal [which] was denied." (Compl. 3.) The Complaint contains no reference to CORC, and thus it is unclear whether the plaintiff fully grieved his claim pursuant to the IGP. However, ambiguity is not a valid basis for dismissal under *Jones*, which does not require that the plaintiff demonstrate exhaustion in the

complaint. 549 U.S. at 216, 127 S.Ct. 910; *see also Pratt*, 929 F.Supp.2d at 318–20, 2013 WL 979431 at *3–4. Therefore, the motion to dismiss on the grounds of non-exhaustion is denied.

 The defendants submitted an affidavit from Jeffrey Hale, Assistant Director for the IGP at DOCCS, purportedly showing a lack of closed grievances filed by the plaintiff. (Hale Aff. Ex. A.) However, the affidavit is outside of the pleadings and will not be considered. A district court has two options when presented with matters outside the pleadings in conjunction with a Rule 12(b)(6) motion: "[1] the court may exclude the additional material and decide the motion on the complaint alone or [2] it may convert the motion to one for summary judgment under [Rule] 56 and afford all parties the opportunity to present supporting material." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988) (internal citations omitted); *see also* Fed.R.Civ.P. 12(d); *Pratt*, 929 F.Supp.2d at 318–19, 2013 WL 979431 at *3.

If the motion were treated as a motion for summary judgment, the parties would be entitled to an opportunity to take any relevant discovery and submit additional relevant evidence, but the parties have not yet been allowed such an opportunity. *See Hernández v. Coffey*, 582 F.3d 303, 309 (2d Cir.2009); *Pratt*, 929 F.Supp.2d at 318–19, 2013 WL 979431 at *3. Because the Complaint will be dismissed on other grounds, it is unnecessary to convert the motion into a motion for summary judgment and provide the opportunity for additional submissions and any necessary discovery. Because the Complaint is ambiguous on exhaustion, the defendants' motion to dismiss on the basis of failure to exhaust administrative remedies is denied. *See Pratt*, 929 F.Supp.2d at 319–20, 2013 WL 979431 at *4.

## IV.

The defendants next argue that the Complaint fails to allege sufficient facts to state a claim for a violation of the Eighth Amendment or the personal involvement of the defendants.

### A.

 The plaintiff has failed to allege sufficient facts to establish an underlying violation of the Eighth Amendment. While the Eighth Amendment does not require "comfortable prisons," it does require that prison officials "must 'take reasonable measures to guarantee the safety of the inmates ....'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)); *see also Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials" at a facility. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *see also Gaston*, 249 F.3d at 164. Instead, the failure to protect an inmate only violates the constitution when prison officials act with "deliberate indifference." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *see also Gaston*, 249 F.3d at 164.

 The deliberate indifference standard "embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996). Objectively, the deprivation must be "sufficiently serious," meaning the prison conditions posed "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *Hathaway*, 99 F.3d at 553. Subjectively, the prison official must act with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *Hatha-*

*way*, 99 F.3d at 553. Such culpability exists when an official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996) (citing *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970). The plaintiff "must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Hayes*, 84 F.3d at 620.

▮▮▮▮ In this case, it is unnecessary to decide whether the plaintiff has satisfied the objective prong[6] of *Farmer* because he has failed to satisfy the subjective prong. *See Lee v. Artuz*, No. 96 Civ. 8604, 2000 WL 231083, at *5 (S.D.N.Y. Feb. 29, 2000). For a plaintiff to state a claim for deliberate indifference based on a failure to protect him, he must allege that corrections officers knew of and disregarded a particular risk to his safety. *Zimmerman v. Macomber*, No. 95 Civ. 0882, 2001 WL 946383, at *5 (S.D.N.Y. Aug. 21, 2001). "Courts routinely deny deliberate indifference claims based upon surprise attacks." *Id.* The plaintiff must allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff. *Fernandez v. N.Y.C. Dep't of Corr.*, No. 08 Civ. 4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010).

▮▮▮▮ Here, the Complaint does not allege that the defendants knew of any threats made against the plaintiff or that the plaintiff had been involved in any prior altercations. Moreover, the fact that the plaintiff claims he is unaware of the identity of his attacker makes it implausible to infer that the defendants had any particular knowledge of the risk the plaintiff faced. (Compl. 2.) Because the plaintiff has alleged no facts suggesting that any of the defendants knew of a particular risk to the plaintiff's safety, the plaintiff has failed to state a claim that any of the defendants was deliberately indifferent in failing to protect him from the surprise attack. *See Fernandez*, 2010 WL 1222017 at *4; *Zimmerman*, 2001 WL 946383 at *5.

▮▮▮ A plaintiff may also state a claim for deliberate indifference based on a failure to protect him against a general risk of harm to all inmates at the facility. To do so, a plaintiff must allege that the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff. *See Coronado v. Goord*, No. 99 Civ. 1674, 2000 WL 1372834, at *6 (S.D.N.Y. Sept. 25, 2000).

▮▮▮ In this case, the Complaint fails to allege that there is a history of serious inmate-on-inmate assaults in the six block yard, that the defendants knew of any such history, or that such prior assaults were similar enough to the attack he suffered that remedial actions would have prevented that attack. Therefore, the plaintiff has failed to allege sufficient facts to state a claim that the defendants were deliberately indifferent in failing to protect him

---

6. The plaintiff alleges that he was stabbed several times and required off-site medical care including nineteen stitches. It is unclear whether such a serious injury itself is enough to satisfy the objective prong of *Farmer*. (Compl. 2–3.) *Compare Coronado v. Goord*, No. 99 Civ. 1674, 2000 WL 1372834, at *3 (S.D.N.Y. Sept. 25, 2000) (allegations that the plaintiff suffered stab wounds "serious enough to justify transporting [him] to an off-site hospital" satisfied the objective prong) *with Dublin v. N.Y.C. Law Dep't*, No. 10 Civ. 2971, 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (holding that the plaintiff must allege prior incidents or threats to demonstrate a substantial risk of harm).

against a general risk of harm. *See Coronado,* 2000 WL 1372834 at *6.

█ The plaintiff argues that the defendants were negligent because prison officials in the six block yard left certain security posts unmanned and failed to notice the ongoing assault for several minutes. (Compl. 4.) This claim of mere negligence is insufficient to allege a violation of the Eighth Amendment. *See Hayes,* 84 F.3d at 620. The allegations do not suggest that the officials knew of and disregarded a risk to the plaintiff. In fact, by alleging that officers did "not notice the incident for several minutes," the plaintiff acknowledges that they lacked actual knowledge of the assault before they intervened. (Compl. 4). The plaintiff has thus failed to allege sufficient facts to support a claim that officials acted with deliberate indifference in failing to notice or respond promptly to the alleged assault. *See Fernandez,* 2010 WL 1222017 at *4.

Because the plaintiff has failed to allege sufficient facts in support of the conclusion that any of the defendants acted with deliberate indifference to his safety, the plaintiff has failed to state a claim for violation of the Eighth Amendment.

**B.**

█ Moreover, the plaintiff has also failed to allege sufficient personal involvement by the named supervisory defendants to establish liability under 42 U.S.C. § 1983. "There is no *respondeat superior* liability in § 1983 cases." *Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir.1995) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir.2003) (internal quotation marks omit-

ted). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676, 129 S.Ct. 1937. "A supervisory official personally participates in challenged conduct not only by direct participation, but by (1) failing to take corrective action; (2) creation of a policy or custom fostering the conduct; [or] (3) grossly negligent supervision, or deliberate indifference to the rights of others." *Rolon v. Ward,* 345 Fed.Appx. 608, 611 (2d Cir.2009) (summary order).

█ A plaintiff must allege sufficient facts to support a conclusion of supervisory liability. *Williams v. New York City,* No. 03 Civ. 3543, 2005 WL 1084585, at *7 (S.D.N.Y. July 15, 2005). "[C]onclusory, unsupported allegations [of gross negligence or the existence of a policy] are simply insufficient to establish liability" of supervisory prison officials under § 1983. *Mendoza v. McGinnis,* No. 9:05 Civ. 1124, 2008 WL 4239760, at *7 (N.D.N.Y. Sept. 11, 2008). Allegations involving only a single incident are generally insufficient to demonstrate the existence of an official policy or custom for purposes of establishing personal involvement under § 1983. *Strano v. City of New York,* No. 97 Civ. 0387, 1998 WL 338097, at *5 (S.D.N.Y. June 24, 1998). "[A]llegations as to defendants' knowledge of alleged constitutional violations [are] insufficient to impose supervisory liability" under § 1983 unless accompanied by allegations that the defendants had direct responsibility for monitoring the alleged violation or that there had been a "history of previous episodes" putting the defendants on notice of the problem. *Candelaria v. Coughlin,* No. 91 Civ. 1117, 1991 WL 113711, at *2 (S.D.N.Y. June 11, 1991) (citations omitted).

The plaintiff alleges that the defendants allowed inadequate security practices to exist at Green Haven.[7] (Compl. 4.) Specifically, the plaintiff alleges that some of the security posts in the six block yard were unmanned at the time of the assault. However, the Complaint fails to allege facts in support of the conclusion that only manning some of the security posts in the yard was grossly negligent. *See Williams*, 2005 WL 1084585 at *7. Furthermore, the Complaint does not allege that the security posts were routinely left unmanned, only that they were unmanned at the time of the incident. This fails to demonstrate that a policy or custom of inadequate security practices was in place at Green Haven. *See Strano*, 1998 WL 338097 at *5. The Complaint alleges that the defendants were aware of the alleged security flaw, but fails to allege that any of the defendants had "direct responsibility" for ensuring those posts were manned. *See Candelaria*, 1991 WL 113711 at *2. The Complaint further fails to allege that there was "a history of prior episodes" requiring the defendants to remedy the alleged problem of unmanned posts. *See id.* The Complaint's conclusory statements are insufficient to demonstrate the personal involvement of any of the supervisory defendants named in this case. *See Mendoza*, 2008 WL 4239760 at *7. Therefore, the plaintiff has failed to allege personal involvement by any of the individual defendants in an alleged Eighth Amendment violation.

## V.

The defendants argue that the plaintiff's state law claims must be dismissed pursuant to New York Corrections Law § 24. A federal court exercising supplemental jurisdiction over state law claims must apply the substantive law of the state. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Blanche v. Pierelli*, No. 08 Civ. 4752, 2009 WL 2499737, at *8 (S.D.N.Y. Aug. 7, 2009).

Section 24 provides immunity for DOCCS employees from lawsuits based on acts or omissions within the course of their employment, and requires that such actions be brought in the New York Court of Claims as a claim against the state. N.Y. Correct. Law § 24; *see also Ierardi v. Sisco*, 119 F.3d 183, 186–87 (2d Cir. 1997). Section 24 is not a bar to claims against corrections officers and employees under § 1983. *See Haywood v. Drown*, 556 U.S. 729, 740–41, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009). However, it does provide immunity for claims under state laws. "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Ierardi*, 119 F.3d at 187. District courts should dismiss such claims for lack of subject matter jurisdiction. *Baker v. Coughlin*, 77 F.3d 12, 15–16 (2d Cir.1996); *see also Blanche*, 2009 WL 2499737 at *8; *Joy v. New York*, No. 5:09 Civ. 841, 2010 WL 3909694, at *4–5 (N.D.N.Y. Sept. 30, 2010) (collecting cases).

The plaintiff's state law claims against the defendants arise from acts or omissions within the scope of their employment at DOCCS. Thus, under New York law, the plaintiff's common law claims are dismissed for lack of subject matter juris-

---

**7.** None of the defendants are referenced in the Complaint's statement of facts. (Compl. 2–3.) The section of the Complaint listing causes of action refers to the "defendants" as a group and also alleges that "the Superintendant allow[ed] improper security practices to continue at Green Haven" and that "the Commissioner of Corrections [was] well aware of the security breaches" at Green Haven. (Compl. 4.) Deputy Superintendant Burnett is not referred to in either section of the Complaint.

diction. *See Baker*, 77 F.3d at 16; *Blanche*, 2009 WL 2499737 at *8; *Joy*, 2010 WL 3909694 at *4–5.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss the plaintiff's federal claims is **granted** and those claims are dismissed. The Court lacks jurisdiction over the plaintiff's state law claims and those claims are dismissed without prejudice. **The Clerk is directed to enter judgment dismissing this case.**

**SO ORDERED.**